ADELARD J. LUSSIER

*vs.*

SOUTH PORTLAND SHIPBUILDING CORP.
(HARTFORD ACCIDENT & INDEMNITY COMPANY)

Cumberland.    Opinion, June 29, 1945.

*Franklin Fisher*, for the claimant.

*William B. Mahoney*, for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

PER CURIAM. This is an appeal from a pro forma decree of a justice of the Superior Court affirming a decision of the Industrial Accident Commission.

The employee, on July 15, 1942, suffered a personal injury by accident arising out of and in the course of his employment and compensation was paid through July 10, 1944. In addition thereto the employer or its insurance carrier paid hospital or medical bills in the sum of $310.30.

The employee thereafter filed a petition asking that the commission allow a further amount for medical, surgical and hospital services, nursing, medicines, and mechanical aids. The amount asked for was made up of six separate items. Of these the commission allowed three and disallowed the others on the ground that "the petitioning employee failed to sustain the burden of proving that the services rendered as set forth in items (4), (5), and (6) were made necessary by reason of the nature of the injury or process of recovery, that the services there rendered were adequate, and that the charges therefor were reasonable." From such disallowance the petitioner appealed. The relevant part of the statute, Rev. Stat. 1930, Ch. 55, Sec. 9, reads as follows:

> "During the first thirty days after an injury aforesaid the employee shall be entitled to reasonable and proper medical, surgical and hospital services, nursing, medicines and mechanical surgical aids when they are needed. The amount of such services and aids shall not exceed one hundred dollars unless a longer period or a greater sum is allowed by the

commission, which in its discretion it may allow when the nature of the injury or the process of recovery requires it."

The evidence sustains the finding of the commission; and there was, therefore, on its part no abuse of discretion in disallowing the items in question.

*Appeal dismissed.*
*Decree affirmed.*